819 P.2d 1033

**STATE of Arizona, Appellee,**

**v.**

**Roger Alan BRADY, Appellant.**

**Nos. 1 CA–CR 90–1409,
1 CA–CR 90–1410.**

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 15, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

The defendant, Roger Brady, pled guilty to two counts of sexual assault. He appeals an order requiring him to pay restitution for his victim's moving expenses, arguing that these are consequential damages not recoverable as restitution. We disagree.

At the time of the assault, the defendant threatened that if the victim called the police he would come back and harm her. After the assault, the victim received some unusual telephone calls. Thereafter, she moved out of the apartment where the assault had taken place because she feared that her assailant might return and do her further harm, and because the memory of the incident made remaining in the apartment stressful.

Arizona Revised Statutes § 13–105(11), which defines the economic loss that can be the subject of a restitution order, provides:

· Economic loss means any loss incurred as a result of the commission of an offense. Economic loss includes lost interest, lost earnings and other losses which would not have been incurred but for the offense. Economic loss does not include losses incurred by the convicted person, damages for pain and suffering, punitive damages or consequential damages.

The question is whether, in a case like this, moving expenses are an economic loss within the meaning of the statute or, as the defendant argues, consequential damages. *State v. Wideman,* 165 Ariz. 364, 798 P.2d 1373 (App.1990), is controlling. There, the court found that counseling expenses for a homicide victim's family were "directly attributable" to the offense, and therefore an appropriate item for restitution. *Id.* at 369, 798 P.2d at 1378. If the cost of psychological counseling for the victim of a violent crime is directly attributable to the crime, so are moving expenses incurred in an effort to restore the victim's equanimity. Restitution for moving expenses is doubly warranted in this case because of the very real threat to the victim's safety. We affirm the lower court's order for restitution of moving expenses.

GRANT, P.J., and EUBANK, J., concur.